IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN BROWN and § | | |
| BETSY BROWN § | | |
| *Plaintiffs* § | | |
| § | | |
| § | CIVIL ACTION NO. _____ | |
| v. § | | |
| § | | |
| CONTINENTAL AIR LINES, INC. § | | |
| *Defendant* § | JURY TRIAL DEMANDED | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Glenn Brown and Betsy Brown (hereinafter referred to collectively as the "Browns" or "Plaintiffs"), Plaintiffs in the above styled and numbered cause, and files this Plaintiffs' Original Complaint, complaining of Continental Air lines, Inc. ("Continental" or "CAL") and for their causes of action would show as follows:

## I.
## INTRODUCTION

1. Plaintiff Glenn Brown seeks equitable relief, compensatory and punitive damages, liquidated damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for age discrimination and retaliation suffered by Plaintiff Glenn Brown in the course of his employment with the Defendant under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), more specifically 29 U.S.C. § 623, and the incorporated provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Plaintiff Glenn Brown further contends that he was retaliated against and wrongfully discharged in violation of § 510 of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1040.

Plaintiff Glenn Brown complains that he was terminated because of his age and in retaliation for his then ex-wife's exercise of her rights to the benefits of his ERISA retirement plans with Continental under a valid Qualified Domestic Relations Order ("QDRO").

2. Plaintiff Betsy Brown contends Defendant is retaliating and wrongfully discriminating against her in violation of § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1040 by demanding the return of pension benefits lawfully awarded to her in exercise of her rights to the benefits of his ERISA retirement plans with Continental under a valid Qualified Domestic Relations Order ("QDRO")and is further retaliating and discriminating against her by threatening to pursue litigation against her and to refuse to reinstate Plaintiff Glenn Brown to his previous position of employment with Defendant if she refuses to comply with Defendant's demands.

3. Plaintiff Betsy Brown alternatively contends that Defendant's demands and threats of litigation constitute an imminent threat to wrongfully convert the pension funds the possession of which she is lawfully entitled to continue by, and the therefore seeks declaratory relief declaring that she and not Defendant is entitled to possession of the pension funds paid to her under a valid Qualified Domestic Relations Order ("QDRO").

## II.
## PARTIES

4. Plaintiff Glenn Brown is an individual citizen and resident of St. Petersburg, Florida.

5. Plaintiff Betsy Brown is an individual citizen and resident of St. Petersburg, Florida.

6. Defendant, Continental Airlines, Inc., (hereinafter referred to as "Continental" or "CAL"), is a Delaware corporation fully registered and authorized to do business in the state of

Texas, and doing business in the state of Texas for the purpose of accumulating monetary profits therein with its principal place of business in Houston, Harris County, Texas, and may be served with process through its Registered Agent for Service, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

7. Whenever in this petition it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

8. This action is brought pursuant to the Employee Retirement Security Act, 29 U.S.C. § 1001, *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331.

9. This court further has diversity jurisdiction over the claims of Plaintiff Betsy Brown pursuant to 28 U.S.C. §1332 because both Plaintiffs are citizens of the State of Florida and Defendant is a citizen of the State of Texas.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant CAL has its principal place of business within this district and because the unlawful employment practices were committed at Defendants' office in Houston, Harris County, Texas, within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

11. The Court has personal jurisdiction over Defendant CAL, because Defendant conducts business in Texas and, accordingly, has minimum contacts with the State of Texas.

12. The amount in controversy is within the jurisdictional limits of this Court. The amount of the pension funds that Defendant is demanding from Plaintiff Betsy Brown greatly exceeds $75,000.

13. This Court has jurisdiction over all claims in this action.

14. The amount in controversy is within the jurisdictional limits of this Court.

## IV.
## PROCEDURAL REQUISITES

15. Plaintiff filed a charge of discrimination against Defendants under Charge Number 460-2008-05114 with the Equal Employment Opportunity Commission ("EEOC") on or about August 12, 2008.

16. Pursuant to 29 U.S.C. § 621, Plaintiff can bring suit for age discrimination or in the alternative discriminatory impact under the ADEA after sixty days have passed from the filing with the EEOC. More than sixty days have passed since Plaintiff filed his Charge of Discrimination and all administrative remedies have been exhausted.

17. Under the law of the Fifth Circuit, Plaintiff is not required to exhaust administrative remedies under ERISA before bringing an action under § 510 of ERISA, *Chailland v. Brown & Root, Inc.*, 45 F.3d 947, 950-51 (5th Cir. 1995).

18. All conditions precedent to filing this cause of action have been met.

19. Plaintiff Betsy Brown is a stranger to the contract between Continental Airlines and its pilots and her claims are therefore not preempted by the Railway Labor Act.

20. No interpretation of the collective bargaining agreement will be necessary to adjudicate this matter. The rights violated by the Defendant in this cause of action arise solely

outside the collective bargaining agreement. Therefore, the Railway Labor Act does not preempt or preclude any of these claims pursuant to the dictates of *Hawaiian Airlines, Inc. v. Norris,* 512 U.S. 246 (1994). Plaintiff Betsy Brown is a stranger to the collective bargaining agreement and therefore is not subject to the Railway Labor Act.

## V.
## FACTS

21. This action has arisen because of heavy-handed, oppressive and discriminatory intrusion by Continental Airlines into the family affairs of a number of its pilots. Plaintiff Glenn Brown had been a pilot with Continental Airlines since 1984 and had been married to Plaintiff Betsy Brown since 1975. As a Pilot, Plaintiff Glenn Brown participated in the Continental Pilots' Retirement Fund (and its predecessor), also known as the "A" fund, and had amassed an account worth over $600,000. Plaintiff Glenn Brown also accumulated more than $120,000 in two other retirement funds, known as the "B" fund and the 401K accounts, administered by Continental Airlines, but not assigned in the divorce settlement and retained by Plaintiff Glenn Brown. Over the years the Browns had marital difficulties on and off which grew to an intolerable level and they divorced in July of 2006. As a result of that divorce, Plaintiff Betsy Brown was awarded 100% of Plaintiff Glenn Brown's account in the Pilots' Retirement Fund and that award was embodied in a Qualified Domestic Relations Order ("QDRO") that Continental itself subsequently approved. Plaintiff Betsy Brown received those funds in full on November of 2006. later After experiencing the vagaries of divorce for several months, the Browns had a change of heart toward each other and after reconciling, they subsequently remarried.

22. Then, more than a year after approving the QRDO and about eleven months after transferring the funds to Plaintiff Betsy Brown, Defendant commenced a vendetta against Plaintiffs using arbitrary and self-serving standards by which it or its agents judged the Browns'

5

private decision to reconcile and claiming that the Browns' divorce had been a "sham." CAL and its agents then instituted a highly offensive investigation that invaded the Browns' personal lives even to the extent of inquiring into the details of their sex lives. The scope of Defendant's invasion of Plaintiffs' privacy is stunning. It demand the Brown's produce:

- Documents relating to the divorce
- Documents relating to the transfer of real and personal property pursuant to the divorce decree
    - Real property owned before the divorce
    - Real property bought after the divorce
    - Vehicles owner before the divorce
    - Vehicles bought after the divorce
- Living and sleeping arrangements
    - Residences
    - Utility account name and bills
- Finances
    - All bank and savings accounts owned before the divorce
    - All bank and savings accounts owned after the divorce
    - All credit card accounts owned before the divorce
    - All credit card accounts owned after the divorce
    - All financial investments owned before the divorce
    - All financial investments owned after the divorce
    - All post-divorce loans and lines of credit
- Insurance
    - Life insurance policies
    - Auto insurance policies
    - Health insurance policies
- Miscellaneous records
    - Travel records
    - Cell phones and land telephone statement pre- and post-divorce.

23. It is axiomatic that a couple who reconciles at some point will begin to have contact again and at some point begin to have intimate contact again. Defendants used its own arbitrary value judgment on what a divorced couple would or would not do and what a reconciling couple would or would not do. Further, Defendant's conduct is an improper invasion into the private lives of its employees and an attack on anyone who might reconcile. It is clearly calculated to have a chilling effect on any employee contemplating a property settlement that

6

might award substantial parts of its pension to an employee's ex-spouse. Parties to state-granted divorces should be free to legally divide property how ever they, their lawyers, a mediator or a state court see fit.

24. If Continental wants to attack a state court judgment then the appropriate place is for it to go is that court. Using its powers as an employer to withhold employment status so that it can collaterally attack a state court judgment violates the very principles of the U.S. Constitution that require full faith and credit.

25. Continental's pension is on shaky ground and in danger of becoming insolvent.

26. Many irregularities have occurred under CAL's management of its pension plan.

27. Had Glenn Brown died, Betsy Brown would have been entitled to all of the money she received. She has not obtained any benefit to which she is not legally entitled. A state court in a divorce proceeding has the powers to divide the property as it sees fit. By giving Betsy Brown a substantial portion of the pension, it did not provide Glenn Brown with a benefit he is not entitled to because legally the money is Betsy Brown's separate property.

28. Defendant went so far as issuing a letter dated, September 28, 2007, demanding these documents by October 5, 2007 stating, "If you fail to do so you may consider your employment terminated on that date." Defendant's goal in conducting this massive invasion of Plaintiffs' privacy was to punish Plaintiff Glenn Brown for his alleged transgression (whatever that was) and force Plaintiff Betsy Brown to return the funds she had received pursuant to the valid QDRO issued by the Florida court. In so doing, Defendant unilaterally and wrongfully arrogated to itself the authority to second guess the Browns' motives and undermine the authority of the Florida court that granted their divorce and issued a lawful DRO and subsequent QDRO. Federal and state law determine the effect of a divorce decree for purposes of

transactions involving an ERISA plan, but Defendant apparently believes that it can unilaterally determine for its own purposes whether a divorce granted by a court of competent jurisdiction has any validity or binding effect with respect to its own operations, even though it neither has now nor ever had any standing to challenge the Browns' divorce decree.

29. Plaintiff Glenn Brown is a male citizen of the United States.

30. Plaintiff's date of birth is July 23, 1954.

31. Plaintiff joined CAL as a pilot on April 9, 1984.

32. At all times, Plaintiff was qualified for the position that he held for Defendant during his employment with Defendant.

33. Plaintiff and Betsy Diane Young were married on August 9, 1975.

34. That marriage lasted until July 6, 2006, when the Browns were lawfully divorced/separated pursuant to an order of the Circuit Court of the 6th Judicial Circuit, In and For Pinellas County, Florida, Case No. 06-5072FD-9, which is a court of competent jurisdiction in the state of Florida.

35. On July 6, 2006, a domestic relations order (DRO) was issued by the Pinellas County Circuit Court. Under the terms of that DRO, Plaintiff's acquired the rights to 100% of Plaintiff's interests in the Continental Airlines Pilots' Retirement Fund.

36. Subsequently, Plaintiff's ex-wife submitted the DRO to Hewitt Associates, LLC ("Hewitt"), which was the third-party administrator of the Continental Airlines Pilots' Retirement Fund, at all times pertinent to this action.

37. On July 17, 2006, Mr. Jeff Stanley, with Defendant's "Qualified Order Team," approved the DRO as a Qualified Domestic Relations Order (QDRO), in a letter backdated to July 3, 2006. Proof that the document was wrongly backdated, and backdated to a date prior to

its issuance by the Florida courts and reception by the approving authority lies in the fact that the letter was dated and date-stamped for a date *three days earlier than the Florida court issued the DRO*.

38. On November 26, 2006, Plaintiff's ex-wife finally received payment of the benefits owing to her pursuant to the QDRO.

39. Over time, Plaintiff and his then-ex-wife reconciled and they subsequently re-married.

40. On August 23, 2007, Defendant, CAL notified Plaintiff that it had initiated an investigation of Plaintiff based on allegations that the Browns' divorce was a sham. At that time, Plaintiff was 53 years of age.

41. On October 19, 2007, Defendant CAL terminated Plaintiff on the grounds that Plaintiff participated in a sham divorce in order to obtain benefits to which he allegedly was not entitled.

42. Defendant's "sham divorce" ground for termination is itself a pretext. In conversation with Doug Schull, Rusty Allman, and Nam Van, Captain Fred Abbott was heard to say that Plaintiff, and other pilots, were being terminated because Defendant could "not afford a run on the bank." Defendant's purpose in investigating and terminating older pilots is improper under both ADEA and ERISA.

43. Plaintiff was terminated because of his age, 53 years old at the time of his termination on October 29, 2007.

44. This discrimination based on age was intentional and was willful.

# VI.
## AGE DISCRIMINATION IN EMPLOYMENT ACT VIOLATION

45. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

46. By terminating Plaintiff, Defendant violated The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA").

47. Plaintiff was within the ADEA's protected class; i.e., he is over 40 years of age; specifically, he was 53 years old at the time of his termination.

48. Plaintiff was terminated.

49. Plaintiff was qualified for the positions he held for the Defendant, and specifically for the position he held at the time of his termination.

50. There was no legitimate nondiscriminatory reason for Plaintiff's termination.

51. Other direct and/or circumstantial evidence exists showing that Defendants intended to discriminate on the basis of age in reaching its decision to demote Plaintiff.

52. Age was a causal factor in the employment decisions made regarding Plaintiff. In the alternative, Defendant's conduct has a disparate impact on its older pilots.

53. As a result of Defendants' actions, Plaintiff has suffered loss of wages, both in the past and in the future.

54. The aforementioned discrimination and violation of ADEA was done willfully.

55. An award of liquidated damages is therefore appropriate.

# VII.
## PLAINTIFF GLENN BROWN'S CLAIM FOR WRONGFUL RETALIATORY DISCHARGE UNDER ERISA

56. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

57. Pursuant to Plaintiff's employment with Defendants, Plaintiff was eligible to participate in Defendants' employment benefit plan, including the Retirement Plan.

58. In a letter back-dated July 3, 2006, a representative of Hewitt Associates, LLC, the third-party administrator of Defendant's Continental Pilots Retirement Plan (which is a defined benefits plan), signed and dated the DRO issued by the Florida Court as "approved". The DRO was not issued by the Florida court until July 6, 2006 and was not received by the approving party until July 17, 2006. The benefit was paid on November 26, 2006. The dates offer proof that the documents were wrongly backdated in an effort to benefit the plan financially, while adversely affecting the participant. This type action is expressly prohibited under ERISA.

59. Pursuant to the QDRO lawfully issued on July 6, 2006, by the Florida court, Plaintiff Glenn Brown's rights to benefits from the Continental Pilots Retirement Plan were transferred to his then ex-wife, Plaintiff Betsy Brown, on November 26, 2006.

60. On or about November 26, 2006, Defendant disbursed $698,514.14 from Plaintiff Glenn Brown's account with the Continental Pilots Retirement Plan to Plaintiff's ex-wife in accordance with the QDRO dated July 6, 2006.

61. On October 19, 2006, Defendant terminated Plaintiff Glenn Brown on the grounds that the his divorce from Plaintiff Betsy Brown was a "sham" and that Plaintiff Glenn Brown had participated in the alleged "sham" divorce in order to obtain benefits to which he was not entitled.

## VIII.
## PLAINTIFF BETSY BROWN'S CLAIM FOR WRONGFUL INTERFERENCE AND DISCRIMINATION UNDER ERISA

62. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

63. Plaintiff Betsy Brown was the alternate payee under Plaintiff Glenn Brown's benefits in Defendants' employment benefit plan, including the Retirement Plan.

64. Pursuant to the terms of the QDRO issued by the Florida state court, the entirety of Plaintiff Glenn Brown's Continental Pilots Retirement Plan was paid to Betsy Brown on or about November 26, 2006.

65. Subsequently, nineteen months later, Defendant unilaterally declared the QDRO to be invalid and has now demanded that Plaintiff Betsy Brown return $254,278.42 of the funds distributed to her under the QDRO.

66. Defendant is now threatening to withhold their offered reinstatement of Plaintiff Glenn Brown and is further threatening Plaintiff Betsy Brown with litigation if she does not return the funds that are rightfully hers.

67. By its conduct, Defendant is challenging Plaintiff Betsy Brown's right to retain those benefits to which she was entitled. The mere fact that Defendant has demanded return of these benefits invokes the statutory protections afforded by ERISA.

68. Defendant's conduct in challenging the validity of the QDRO is an improper collateral attack on the valid divorce issued to Plaintiff Betsy Brown and the valid QDRO issued by a Florida state court of competent jurisdiction.

69. Defendant's conduct constitutes an interference with Plaintiff Betsy Brown's entitlement to the ERISA benefits lawfully and validly paid to her under the terms of the Qualified Domestic Relations Order issued by the Florida state court.

# IX.
## CLAIM FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §§ 2201 AND 2202 AND FED. R. CIV. P. 57

70. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

71. Plaintiff Betsy Brown brings this claim for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202.

72. Plaintiff Betsy Brown lawfully received possession of $698,514.14 in pension funds by means of a distribution of those funds by the Continental Pilots Retirement Plan pursuant to a valid Qualified Domestic Relations Order ("QDRO") issued by the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida.

73. Defendant has demanded the return of $254,278.42 of those funds, alleging that those funds were overpaid and further alleging that the QDRO under which the funds were distributed was invalid.

74. Plaintiff Betsy Brown requests the Court to declare that she is the rightful possessor of the pension funds distributed to her under the valid QRDO and that, under Texas state law, Defendant's demand for repayment of a portion of the funds paid to Plaintiff Betsy Brown amounts to an attempt to tortuously convert those funds.

# X.
## ATTORNEY'S FEES

75. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

76. Plaintiff Glenn Brown is entitled to recover attorney's fees and costs for bringing this action pursuant to ADEA, 29 U.S.C. § 621 *et seq.* and ERISA, 29 U.S.C 1140 *et seq.*

# XI.
# DAMAGES

77. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

78. As a result of Defendants' violations of the ADEA and ERISA, Plaintiff Glenn Brown seeks the following relief: (1) back pay; (2) reinstatement, or if reinstatement is deemed not feasible, front pay; (3) loss of wages and benefits in the past and the future; (4) costs of court, expert fees and attorneys' fees; (5) mental anguish and emotional distress in the past and future (6) any punitive, equitable or liquidated damage provided by law, and (7) pre-judgment and post-judgment interest as allowed by each statute.

79. Additionally, since Defendants' actions were committed with reckless indifference to Plaintiff's federally protected rights, Plaintiff Glenn Brown is entitled to recover punitive damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

80. Additionally, since Defendants' actions were committed willfully, Plaintiff Glenn Brown seeks an additional equal amount of back pay as liquidated damages under ADEA and punitive damages under ERISA.

81. Plaintiff Betsy Brown seeks a declaratory judgment declaring that she is the rightful possessor of the entire funds paid to her under the valid Qualified Domestic Relations Order issued by the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida.

82. Both Plaintiffs further request the following relief:

   a. Reasonable attorney fees.

   b. Costs of court.

   c. All other relief the court deems appropriate.

## JURY DEMAND

83. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## PRAYER

WHEREFORE, Plaintiff Glenn Brown respectfully prays upon final trial hereof, this Court grant him: appropriate backpay, front pay, including, but not limited to, his salary and lost pension, insurance and other benefits past and future; compensatory and punitive damages as allowed by law; liquidated damages as allowed by law; mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; nominal, actual and exemplary damages as allowed by federal law and any such additional and further relief that this Court may deem just and proper.

WHEREFORE, Plaintiff Betsy Brown respectfully prays upon final trial hereof, this Court grant her a declaration that she is the rightful possessor of the entirety of the funds paid to her under the valid Qualified Domestic Relations Order issued by the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida.

Respectfully submitted,

By: \_/s/ *Howard T. Dulmage*_____
Howard T. Dulmage
MCCORMICK, HANCOCK & NEWTON
State Bar No. 24029526
Federal I.D. No. 28826
1900 West Loop South, Suite 700
Houston, Texas 77027
Telephone: (713) 297-0700
Telecopier: (713) 297-0710

ATTORNEY FOR PLAINTIFF,
Glenn Brown

Of Counsel:

Joseph Y. Ahmad
AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
State Bar No. 00941100
Federal I.D. No. 11602
3460 Houston Center
1221 McKinney Street
Houston, Texas  77010
Telephone:	(713) 655-1101
Telecopier:	(713) 655-0062