UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN BROWN and BETSY BROWN, | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | C.A. NO. 4:09-cv-01148 |
| | § | |
| CONTINENTAL AIR LINES, INC. | § | |
| *Defendant* | § | |

**DEFENDANT CONTINENTAL AIRLINES, INC.'s
ANSWER AND DEFENSES IN RESPONSE
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Continental Airlines, Inc. ("Continental") answers Plaintiffs' First Amended Complaint, together with its defenses, as follows:

1. Defendant Continental understands Plaintiff Glenn Brown seeks equitable relief, compensatory and punitive damages, and liquidated damages, and other remedies under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et. seq.*, and section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, but denies he is entitled to any such damages or other remedies. Continental further denies all allegations in paragraph 1 of the First Amended Complaint.

2. Defendant Continental understands Plaintiff Betsy Brown alleges discrimination and retaliation pursuant to section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, but denies those and all other allegations in paragraph 2 of the First Amended Complaint.

3. Defendant Continental understands Plaintiff Betsy Brown alleges it is attempting to wrongfully convert pension funds which she claims and seeks declaratory judgment that she is

entitled to possession of the pension funds pursuant to a Qualified Domestic relations Order ("QDRO"), but denies her allegations in paragraph 3 of the First Amended Complaint and right to declaratory judgment.

4. Defendant Continental admits the allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint.

5. Defendant Continental admits the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendant Continental admits the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint.

7. Plaintiffs' statement in paragraph 7 of their First Amended Complaint requires no admission or denial, so no such admission or denial is made.

8. Defendant Continental admits this is a civil action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*., and that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, but denies the remaining allegations contained in paragraph 8 of Plaintiffs' First Amended Complaint.

9. Defendant Continental admits the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint.

10. Defendant Continental admits venue is proper pursuant to 28 U.S.C. § 1391(b), but denies the remaining allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint.

11. Defendant Continental admits the allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint.

12. Defendant Continental admits the allegations contained in paragraph 12 of Plaintiffs' First Amended Complaint.

13. Defendant Continental admits the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint.

14. Defendant Continental admits the allegations contained in paragraph 14 of Plaintiffs' First Amended Complaint.

15. Defendant Continental admits that Plaintiff Glenn Brown filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 12, 2008, Charge number 460-2008-05114.

16. Defendant Continental admits that more than sixty days elapsed between the filing of Plaintiff Glenn Brown's EEOC charge of age discrimination and the filing of the instant lawsuit, but denies all other allegations contained in paragraph 16 of Plaintiffs' First Amended Complaint.

17. Defendant Continental admits that Plaintiff Glenn Brown is not required to exhaust administrative remedies before bringing an ERISA section 510 cause of action, but denies all other allegations contained in paragraph 17 of Plaintiffs' First Amended Complaint.

18. Defendant Continental admits the allegations contained in paragraph 18 of Plaintiffs' First Amended Complaint.

19. Defendant Continental admits the allegations contained in paragraph 19 of Plaintiffs' First Amended Complaint.

20. Defendant Continental admits that Plaintiff Glenn Brown was hired as a pilot in April 1984, that he was a participant in the Continental Pilots Retirement Plan ("CPRP" or "Plan") (also referred to in the First Amended Complaint as the "A" Plan), the Continental Pilots

Defined Contribution Plan ("B" Plan), and the 401(k) plan; that Glenn Brown relinquished 100% of his benefit in the CPRP (but not the other plans, which are not defined benefit plans) to Betsy Brown in their divorce proceeding; that Plaintiff Betsy Brown received a distribution in the amount of $698,514.14 in November 2006 representing 100% of Glenn Brown's CPRP benefit based on a domestic relations order submitted by the Browns to the CPRP; and that following said distribution the Browns remarried. Continental is without sufficient knowledge to admit or deny the allegation concerning the date of the Browns' initial marriage and so denies that allegation. Continental denies all other allegations contained in paragraph 20 of Plaintiffs' First Amended Complaint.

21. Defendant Continental admits that the CPRP, through its fiduciaries, initiated an investigation, in approximately August 2007, of the circumstances relating to the Plaintiffs' obtaining the distribution of Glenn Brown's benefit from the CPRP based on reports that the Browns and other pilots and their spouses had secured divorces for the purpose of accessing their CPRP benefits without intending to terminate their marital relationships. Continental further admits that Glenn Brown was requested to submit documents supporting certain representations he made during the investigation and certain documents that were otherwise relevant to the investigation. Continental denies all other allegations contained in paragraph 21 of Plaintiffs' First Amended Complaint.

22. Paragraph 22 of Plaintiffs' First Amended Complaint consists primarily of philosophical speculation and legal conclusions that do not require responsive pleading. Defendant Continental denies all allegations, if any, contained in paragraph 22 of Plaintiffs' First Amended Complaint that do require responsive pleading.

23. Paragraph 23 of the First Amended Complaint consists, in part, of legal conclusions that do not require responsive pleading. Defendant Continental denies the accuracy of the descriptions or alleged nature of its actions as well as all allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint that require responsive pleading.

24. Defendant Continental denies the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendant Continental denies the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendant Continental is without sufficient knowledge to admit or deny the allegation in paragraph 26 of the First Amended Complaint concerning Glenn Brown's legal heir(s) and so denies that allegation. Continental denies all other allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendant Continental admits that it sent a letter dated September 28, 2007, to Glenn Brown addressing his repeated and continuing refusal to provide documentation relevant and necessary to its investigation and offering him a final opportunity to submit the requested documents; the letter further advised Mr. Brown that if he continued to fail to cooperate by refusing to submit documentation supporting statements he had given to the investigators by October 5, 2007, he should consider his employment terminated. Continental denies all other allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint.

28. Defendant Continental admits the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint.

29. Defendant Continental admits that, based on documentation submitted by Plaintiff Glenn Brown while employed with Continental, his date of birth is July 23, 1954.

30. Defendant Continental admits the allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendant Continental admits the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendant Continental is without sufficient knowledge to admit or deny the allegation in paragraph 32 of Plaintiffs' First Amended Complaint and so denies that allegation.

33. Defendant Continental is without sufficient knowledge to admit or deny the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint and so denies those allegations.

34. Defendant Continental admits that the domestic relations order ("DRO") referred to in paragraph 34 of Plaintiffs' First Amended Complaint purported to award Betsy Brown rights to 100% of Glenn Brown's benefit in the CPRP. Continental denies that this was the true intent of the Plaintiffs; rather, such order was obtained by Plaintiffs as part of a sham or fraudulent transaction entered into for the purpose of accessing Glenn Brown's benefit in the CPRP under circumstances which violated CPRP provisions, as well as the terms of the DRO.

35. Defendant Continental admits that the third-party administrator for the CPRP, Hewitt, approved the DRO submitted by Plaintiffs Glenn and Betsy Brown as "qualified," but such approval was obtained through fraud and a sham transaction perpetrated by Plaintiffs. Continental is without sufficient knowledge to admit or deny the specific dates alleged in paragraph 35 and so denies those allegations. Continental denies all other allegations in paragraph 35 of Plaintiffs' First Amended Complaint.

36. Defendant Continental denies that Betsy Brown was owed the benefits paid to her and further denies that the DRO in question was "qualified" under ERISA. Continental is

6

without sufficient knowledge to admit or deny when Betsy Brown received the payment referenced in paragraph 36 of the First Amended Complaint and so denies that allegation. Continental denies the remaining allegations in paragraph 36 of the First Amended Complaint.

37. Defendant Continental admits that Plaintiffs Glenn Brown and Betsy Brown have remarried, but denies all other allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendant Continental admits that it notified Glenn Brown by letter dated August 23, 2007, that he was to attend an investigatory meeting on August 31, 2007, concerning the circumstances of the lump sum distribution of his benefit under the CPRP to an alternate payee pursuant to a DRO. Continental admits that Glenn Brown was over 40 years of age at that time but is without sufficient knowledge to admit or deny his exact age on such date. Continental denies the other allegations in paragraph 38 of the First Amended Complaint.

39. Defendant Continental admits that it notified Glenn Brown by letter dated October 19, 2007, that his employment was being terminated effective immediately based on misrepresentations and omissions, including his failure to cooperate in the company's investigation, with respect to his participation in a sham transaction for the purpose of obtaining a benefit to which he was not entitled under the terms of the plan. Continental denies any remaining allegations in paragraph 39 of Plaintiffs' First Amended Complaint.

40. Defendant Continental denies the allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint.

41. Defendant Continental denies the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint.

42. Defendant Continental denies the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint.

43. Defendant Continental denies that it improperly placed a hold on Glenn Brown's "B" Plan account as alleged in paragraph 43 of Plaintiffs' First Amended Complaint.

44. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 44.

45. Defendant Continental denies the allegations contained in paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendant Continental admits that Plaintiff Glenn Brown was over 40 years of age when his employment was terminated.

47. Defendant Continental admits that Plaintiff Glenn Brown's employment was terminated.

48. Defendant Continental admits the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendant Continental denies the allegations contained in paragraph 49 of Plaintiffs' First Amended Complaint.

50. Defendant Continental denies the allegations contained in paragraph 50 of Plaintiffs' First Amended Complaint.

51. Defendant Continental denies the allegations contained in paragraph 51 of Plaintiffs' First Amended Complaint.

52. Defendant Continental denies the allegations contained in paragraph 52 of Plaintiffs' First Amended Complaint.

53. Defendant Continental denies the allegations contained in paragraph 53 of Plaintiffs' First Amended Complaint.

54. Defendant Continental denies the allegations contained in paragraph 54 of Plaintiffs' First Amended Complaint.

55. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 55.

56. Defendant Continental admits that Plaintiff Glenn Brown, based on his employment, was eligible to participate in certain benefit plans, including the CPRP.

57. Defendant Continental admits that its benefit plan third party administrator, Hewitt Associates, LLC, indicated approval of the domestic relations order submitted by Plaintiffs and that pension funds were distributed to Betsy Brown in approximately November 2006, but denies all other allegations contained in paragraph 57 of Plaintiffs' First Amended Complaint.

58. Defendant Continental admits that Plaintiffs Glenn Brown and Betsy Brown colluded in 2006 to obtain a DRO from a Florida court under false pretenses in an attempt to transfer Glenn Brown's benefit under the CPRP to Betsy Brown, but denies that such DRO was "qualified" under ERISA and further denies all other allegations contained in paragraph 58 of Plaintiffs' First Amended Complaint.

59. Defendant Continental admits that the Continental Pilots Retirement Plan disbursed $698,514.14 to Plaintiff Betsy Brown during November 2006, but denies all other allegations contained in paragraph 59 of Plaintiffs' First Amended Complaint.

60. Defendant Continental admits that it notified Glenn Brown by letter dated October 19, 2007, that his employment was being terminated effective immediately based on misrepresentations and omissions, including his failure to cooperate in the company's

investigation, with respect to his participation in a sham transaction for the purpose of obtaining a benefit to which he was not entitled under the terms of the plan. Continental denies all remaining allegations in paragraph 60 of Plaintiffs' First Amended Complaint.

61. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 61.

62. Defendant Continental admits that Plaintiff Betsy Brown was designated as an alternate payee with respect to Glenn Brown's benefit under the Continental Pilots Retirement Plan in a domestic relations order submitted to the CPRP by the Plaintiffs, but denies such DRO was "qualified" under ERISA and further denies all other allegations contained in paragraph 62 of Plaintiffs' First Amended Complaint.

63. Defendant Continental admits that the Continental Pilots Retirement Plan disbursed $698,514.14 to Plaintiff Betsy Brown during November 2006, but denies all other allegations contained in paragraph 63 of Plaintiffs' First Amended Complaint.

64. Defendant Continental admits that, after learning that the DRO submitted by Plaintiffs possibly was part of a sham transaction and investigating, in its fiduciary capacity, that matter, it was determined that the DRO was not "qualified" under ERISA and, based on that determination, the Administrative Committee of the CPRP has made demand upon Plaintiffs that they return monies which were obtained through fraud and such sham transaction and which are assets belonging to the Plan. Continental denies all other allegations in paragraph 64 of the First Amended Complaint.

65. Defendant Continental admits that it has filed a lawsuit against Plaintiffs Glenn and Betsy Brown (Cause No. 4:09-cv-01529), but denies all other allegations contained in paragraph 64 of Plaintiffs' First Amended Complaint.

66. Defendant Continental denies the allegations contained in paragraph 66 of Plaintiffs' First Amended Complaint.

67. Defendant Continental denies the allegations contained in paragraph 67 of Plaintiffs' First Amended Complaint.

68. Defendant Continental denies the allegations contained in paragraph 68 of Plaintiffs' First Amended Complaint.

69. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 69.

70. Defendant Continental admits that Plaintiff Betsy Brown is attempting to bring her claims under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, but denies any liability under either.

71. Defendant Continental denies the allegations contained in paragraph 71 of Plaintiffs' First Amended Complaint.

72. Defendant Continental admits that, after investigating in its fiduciary capacity, the Administrative Committee of the CPRP determined that the DRO submitted by Plaintiffs was not "qualified" under ERISA and, based on that determination, made demand (in the amount of $254,278.42) upon Plaintiffs that they return monies which were obtained through fraud and a sham transaction and which are assets belonging to the CPRP. Continental denies all other allegations in paragraph 72 of the First Amended Complaint.

73. Defendant Continental denies the allegations in paragraph 73 of Plaintiffs' First Amended Complaint.

74. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 74.

75. Defendant Continental denies the allegations in paragraph 75 of Plaintiffs' First Amended Complaint.

76. Each response contained in the forgoing paragraphs is reasserted as if fully set forth in this paragraph 76.

77. Defendant Continental denies the allegations contained in paragraph 77 of Plaintiffs' First Amended Complaint.

78. Defendant Continental denies the allegations contained in paragraph 78 of Plaintiffs' First Amended Complaint.

79. Defendant Continental denies the allegations contained in paragraph 79 of Plaintiffs' First Amended Complaint.

80. Defendant Continental denies the allegations contained in paragraph 80 of Plaintiffs' First Amended Complaint.

81. Defendant Continental denies the allegations contained in paragraph 81 of Plaintiffs' First Amended Complaint.

82. Defendant Continental denies that Plaintiffs are entitled to a jury trial of their claims under ERISA or for disparate impact under the ADEA.

83. Defendant Continental denies that Plaintiffs are entitled to any relief whatsoever, including that enumerated in the Prayer of the First Amended Complaint.

## DEFENSES

84. Plaintiffs' First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

85. Plaintiff Glenn Brown's claim of discriminatory discharge is barred, in whole or in part, by the equitable doctrines of estoppel and unclean hands in light of Continental's investigation of Plaintiff's sham transaction and unlawful pension distribution

86. All employment actions involving Plaintiff Glenn Brown were based on good business judgment and reasonable factors other than his age.

87. Plaintiffs' claims are barred because they all arise from and are based upon conduct by Plaintiffs which was fraudulent in nature. Specifically, Plaintiffs colluded during 2006 to obtain a divorce decree and related domestic relations order, when they had no intent to dissolve the marital relationship, for the purpose of obtaining distribution of Glenn Brown's benefit under the Continental Pilots Retirement Plan while he continued employment, which Plaintiffs knew to be in violation of the terms of the Plan.

88. Plaintiffs' damages, if any, were caused by their own culpable conduct, which violated the requirements of the Continental Pilots Retirement Plan and Defendant Continental's policies, procedures, and rules.

89. On information and belief, Plaintiff failed to mitigate damages, if any.

90. Defendant's conduct is privileged under the Texas doctrine of employment-at-will.

91. Plaintiffs are not entitled to liquidated damages as Continental did not engage in a willful violation of 29 U.S.C. § 626(b).

92. Plaintiffs' claims for compensatory and/or punitive damages are unconstitutional.

93. Any approval of Plaintiffs' domestic relations order by Hewitt Associates was vitiated and negated by a recant letter sent on February 25, 2008 by the Continental Pilots Retirement Plan.

94. Plaintiff's lawsuit is frivolous, vexatious, without foundation, and is brought in bad faith.

95. To the extent that the First Amended Complaint pleads, or attempts to plead, any cause of action under state law, such cause of action is preempted by ERISA.

WHEREFORE, PREMISE CONSIDERED, Continental respectfully requests that judgment be entered in its favor, that Plaintiffs' lawsuit be dismissed, that Continental be awarded its reasonable costs and attorneys fees in having to defend this frivolous lawsuit, and that it receive such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ W. Carl Jordan
W. CARL JORDAN
State Bar No. 11018800
Federal ID 729
First City Tower, Suite 2500
1001 Fannin
Houston, Texas 77002-6760
Houston, Texas 77002-6760
(713) 758-2258 (Telephone)
(713) 615-5334 (Facsimile)
*cjordan@velaw.com*

**OF COUNSEL**:

**VINSON & ELKINS L.L.P.**

Tara Porterfield
State Bar No. 00797257
Federal ID 21612
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
(512) 542-8879 (Telephone)
(512) 236-3267 (Facsimile)
*tporterfield@velaw.com*

ATTORNEYS FOR DEFENDANT
CONTINENTAL AIRLINES, INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2009, a true and correct copy of the foregoing document was served by the notice of electronic filing generated by the Court's electronic filing system and/or by first-class mail, return receipt requested, on all Counsel, addressed as follows:

      Howard T. Dulmage
      MCCORMICK HANCOCK & NEWTON
      3D/International Tower
      1900 West Loop South, Ste. 700
      Houston, TX 77027-3206

      Joe Ahmad
      AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
      3460 One Houston Center
      1221 McKinney Street
      Houston, TX 77010

      /s/ W. Carl Jordan
      W. Carl Jordan