
| | |
|---|---|
| THE CONTINENTAL PILOTS RETIREMENT PLAN ADMINISTRATIVE COMMITTEE AND CONTINENTAL AIRLINES, INC.<br>Plaintiffs,<br><br>v.<br><br>GLENN BROWN, BETSY D. BROWN, ROBERT DUBOISE, CYNTHIA DUBOISE, JAY ELLIS, CAROL ELLIS, EDDIE LINDSEY, DELORES N. LINDSEY, CHRISTINE LOCKERT, JAMES LOCKERT, DOUGLAS SCHULL, MARJORIE SCHULL, JAMES VIAL, BRENDA M. VIAL, CINDY ERNST, JAMES ERNST, ROBERT PFLIBSEN, SHERRI PFLIBSEN<br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § §<br><br>Cause No. 4:09-cv-01529 |

## ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS JAMES VIAL AND BRENDA D. VIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to their pending Motion to Dismiss (Dkt. No. 7), Defendants James Vial and Brenda Vial respectfully submit this Original Answer to Plaintiffs' Original Complaint and Application for Declaratory and Injunctive Relief. James and Brenda Vial also assert the following affirmative defenses and counterclaims against Plaintiffs (hereinafter, "Continental").

# I.
## DEFENDANTS' ORIGINAL ANSWER

1. The allegations contained in this paragraph are denied.

2. The allegations contained in this paragraph are denied.

3. The allegations contained in this paragraph are denied.

4. The allegations contained in this paragraph are denied.

5. The allegations contained in this paragraph are denied.

6. The allegations contained in this paragraph are admitted.

7. Admit that Continental is a Delaware corporation with its principal place of business in Houston, Texas and that Continental employed certain of the Defendants. Deny the remainder of this paragraph.

8. Admit that James Vial was, or is, a pilot-participant in the Continental Pilots Retirement Plan (the "Plan") and that Brenda Vial submitted a Qualified Domestic Relations Order issued by a competent state court to the Plan requesting James Vial's accrued benefits. Deny the remainder of this paragraph.

9. Defendants lack sufficient information to admit or deny.

10. Defendants lack sufficient information to admit or deny.

11. Defendants lack sufficient information to admit or deny.

12. Defendants lack sufficient information to admit or deny.

13. Defendants lack sufficient information to admit or deny.

14. Defendants lack sufficient information to admit or deny.

15. The allegations contained in this paragraph are admitted.

16. The allegations contained in this paragraph are admitted.

17. Defendants lack sufficient information to admit or deny.

18. Defendants lack sufficient information to admit or deny.

19. Defendants lack sufficient information to admit or deny.

20. Defendants lack sufficient information to admit or deny.

21. Defendants lack sufficient information to admit or deny.

22. Defendants lack sufficient information to admit or deny.

23. Defendants lack sufficient information to admit or deny.

24. Defendants lack sufficient information to admit or deny.

25. Defendants lack sufficient information to admit or deny.

26. Defendants lack sufficient information to admit or deny.

27. The allegations contained in this paragraph are denied.

28. The allegations contained in this paragraph are denied.

29. Admit that Continental terminated James Vial. Deny the remainder of this paragraph.

30. Defendants lack sufficient information to admit or deny.

31. Defendants lack sufficient information to admit or deny.

32. Deny Continental's characterization of the Administrative Committee's authority. Defendants lack sufficient information to admit or deny the remainder of this paragraph.

33. The allegations contained in this paragraph are denied.

34. The allegations contained in this paragraph are denied.

35. The allegations contained in this paragraph are denied.

36. The allegations contained in this paragraph are admitted.

37. The allegations contained in this paragraph are admitted.

38. The allegations contained in this paragraph are denied.

39. The allegations contained in this paragraph are denied.

40. The allegations contained in this paragraph are denied.

41. The allegations contained in this paragraph are denied.

42. The allegations contained in this paragraph are denied.

43. The allegations contained in this paragraph are denied.

44. The allegations contained in this paragraph are denied.

45. The allegations contained in this paragraph are denied.

46. The allegations contained in this paragraph are denied.

47. The allegations contained in this paragraph are denied.

48. The allegations contained in this paragraph are denied.

49. The allegations contained in this paragraph are denied.

50. The allegations contained in this paragraph are denied.

51. The allegations contained in this paragraph are denied.

52. The allegations contained in this paragraph are denied.

53. The allegations contained in this paragraph are denied.

54. The allegations contained in this paragraph are denied.

55. This paragraph does not contain an allegation that can be admitted or denied.

56. The allegations contained in this paragraph are denied.

57. The allegations contained in this paragraph are denied.

58. The allegations contained in this paragraph are denied.

59. The allegations contained in this paragraph are denied.

60. This paragraph does not contain an allegation that can be admitted or denied.

61. The allegations contained in this paragraph are denied.

62. The allegations contained in this paragraph are denied.

63. This paragraph does not contain an allegation that can be admitted or denied.

64. The allegations contained in this paragraph are denied.

65. This paragraph does not contain an allegation that can be admitted or denied.

66. The allegations contained in this paragraph are denied.

67. The allegations contained in this paragraph are denied.

68. The allegations contained in this paragraph are denied.

69. The allegations contained in this paragraph are denied.

70. The allegations contained in this paragraph are denied.

71. The allegations contained in this paragraph are denied.

72. The allegations contained in this paragraph are denied.

73. The allegations contained in this paragraph are denied.

74. The allegations contained in this paragraph are denied.

75. The allegations contained in this paragraph are denied.

76. The allegations contained in this paragraph are denied.

77. The allegations contained in this paragraph are denied.

## II.
## LIMITED GENERAL DENIAL

78. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants generally deny any and all allegations contained in Plaintiffs' Complaint that are not clearly and specifically admitted in this Original Answer.

## III.
## AFFIRMATIVE DEFENSES

79. This Court should dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

80. This Court should dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have failed to state a claim upon which relief can be granted.

81. This Court should dismiss Plaintiffs' Complaint under Rule 9(b) of the Federal Rules of Civil Procedure because Plaintiffs have not pled their fraud allegations with particularity.

82. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

83. Plaintiffs' claims are barred by the doctrine of unclean hands.

84. Plaintiffs' claims are barred by the applicable statutes of limitations.

## IV.
## COUNTERCLAIMS

85. James and Brenda Vial respectfully assert counterclaims for wrongful discharge, discrimination, and retaliation in violation of the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1140, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Brenda Vial also seeks declaratory relief declaring that she is entitled to possession of the pension funds that Continental approved and distributed to her pursuant to a Qualified Domestic Relations Order ("QDRO") issued by the County Court at Law of Walker County, Texas.

**A.   Factual Background**

86.   Between 2007 and 2008, Continental terminated several of its most senior and experienced pilots because their family circumstances did not conform to Continental's definition of a "normal" divorce. Before firing them, Continental subjected these pilots and their spouses to humiliating and intrusive questioning about their marital, family, and sex lives. Even when the pilots cooperated and provided detailed information about their marital problems, Continental terminated their jobs, stripped them of their retirement benefits, and publicly smeared their reputations by falsely accusing them of obtaining "sham" divorces. Continental also demanded that the pilots repay hundreds of thousands of dollars in pension benefits that Continental had distributed to their former spouses, even though Continental knew that this demand was illegal and that the pilots did not even own these funds.

87.   James Vial was one of the pilots that Continental wrongfully terminated in this manner. When Continental terminated James Vial on May 18, 2008, he had served Continental for 24 years and was a Boeing 777 captain. James Vial had achieved some of the highest flight and safety ratings on Continental's tests and successfully had piloted hundreds of flights.

88. Despite James Vial's success as a pilot, James and Brenda Vial had an unhappy marriage. Throughout their marriage, the Vials argued frequently over a variety of domestic issues. The Vials sought to avoid an acrimonious divorce. They divided their property as fairly as possible. Brenda Vial received James Vial's pension account in the Continental Pilots' Retirement Plan. The Vials split other assets more or less equally.

89. The Vials divorce was finalized on February 2, 2007. The County Court at Law of Walker County, Texas granted a decree of divorce and issued a QDRO awarding Brenda Vial 100% of the following retirement benefits of James Vial: Continental Pilots Defined Contribution Plan (B-Plan) in the amount of $27,752.46; Continental Pilots 401k Plan in the amount of $25,947.72, and; Continental Pilots Retirement Plan in the amount of $570,006.10. The total amount awarded to Brenda Vial equaled $623,706.28. The Texas court retained jurisdiction to enforce the terms of the QDRO and divorce settlement.

90. Following the divorce, Brenda Vial submitted the QDRO to Continental for payment. In accordance with written procedures that Continental had established for the Plan, Continental determined that the QDRO met the statutory requirements of ERISA. In approving the QDRO, Continental did not – and had no legal authority to – inquire into the reasons for James and Brenda Vial's divorce. Continental distributed James Vial's accrued benefits to Brenda Vial exactly as the Plan and ERISA required.

91. Although the Vials remained on amicable terms during their divorce, the Vials led separate lives. Because of the divorce, Brenda Vial was removed from James Vial's insurance and benefits at Continental. Although the Vials planned to continue going their separate ways, with considerable effort, they ultimately reconciled and were remarried.

92. On or about August 31, 2007, Continental informed James Vial that it suspected his divorce had been a "sham" and was commencing an investigation into his family life. Without any basis under the Plan or ERISA, Continental demanded that James Vial answer highly personal, unreasonably intrusive, and humiliating questions from Continental management about his marriage, family relationships, finances, and sex life.

93. Continental also intruded into Brenda Vial's personal life, demanding that James and Brenda Vial produce:

- Documents relating to the divorce
- Documents relating to the transfer of real and personal property pursuant to the divorce decree
    - Real property owned before the divorce
    - Real property bought after the divorce
    - Vehicles owned before the divorce
    - Vehicles bought after the divorce
- Living and sleeping arrangements
    - Residences
    - Utility account name and bills
- Finances
    - All bank and savings accounts owned before the divorce
    - All bank and savings accounts owned after the divorce
    - All credit card accounts owned before the divorce
    - All credit card accounts owned after the divorce
    - All financial investments owned before the divorce
    - All financial investments owned after the divorce
    - All post-divorce loans and lines of credit

9

- Insurance
  - Life insurance policies
  - Auto insurance policies
  - Health insurance policies
- Miscellaneous records
  - Travel records
  - Cell phones and land telephone statement pre- and post-divorce.

94. Continental threatened to fire James Vial if he and Brenda Vial did not produce all of these documents and answer all of Continental's questions. James Vial objected to and opposed these intrusions and retained counsel to assist him. In discussions with James Vial, Continental's management was unable to identify any legal authority in the Plan or ERISA for making these demands.

95. Even though James Vial explained the reasons behind his divorce and reconciliation to Continental, Continental terminated James Vial's employment on May 15, 2008. Continental notified James Vial of his termination using the same boilerplate termination letter that it sent to several other pilots. In that letter, Continental called James Vial's divorce a "sham" and provided a misleading rendition of the circumstances of his divorce and reconciliation. Moreover, Continental never disclosed what criteria it used to determine whether James Vial's divorce was "normal." And the termination letter did not cite any provision of the Plan or ERISA that entitled Continental to condition pension or employment benefits on this type of inquiry.

96. In reality, Continental terminated James Vial to penalize his wife for exercising her pension rights under ERISA. The Continental Pilots' Retirement Plan expressly provided for the lump sum distribution of a pilot's vested retirement

benefits to a former spouse if called for by a QDRO. Although Continental and its attorneys drafted the Plan provision that contained this requirement and approved the benefits distribution that Brenda Vial received, Continental changed its mind about the soundness of this policy. In an effort to change the terms of the plan retroactively and to force pilots' families to repay benefits that Continental could not recover legally, Continental began putting pressure on pilots whose spouses had exercised this option through investigations and terminations. In every case – regardless of the evidence that the pilot and his or her spouse produced – Continental found that the divorce was a "sham" and demanded that the pilot and his or her spouse repay all benefits received from Continental with interest. Continental also threatened legal action against some of the pilots and their spouses if they did not pay Continental the funds that they were entitled to retain under ERISA.

97. When these tactics did not succeed in recovering funds, Continental filed suit against the pilots and their spouses in this Court. Continental's lawsuit has no basis under ERISA and is an improper collateral attack on state court divorce judgments. Despite attacking these judgments as "fraudulent," Continental apparently has not advised any of the relevant state courts of its allegations or sought to intervene in any state court proceedings. Indeed, Continental's lawsuit is a transparent attempt to circumvent the jurisdiction that those state courts explicitly retained.

98. Furthermore, at the time of James Vial's termination, James Vial was 53 years old and was one of Continental's most senior pilots. James Vial believes that he was terminated, in whole or in part, because of his age, and that Continental used its investigation of his divorce as a pretext for firing him. In fact, all of the other pilots who became targets of similar investigations were senior pilots over the age of 40 with compensation packages in the same range as James Vial's.

**B.  Wrongful retaliatory discharge under ERISA**

99. Defendants incorporate the foregoing allegations as if fully set forth here.

100. The Continental Pilots' Retirement Plan is an ERISA-qualified benefits plan and is subject to ERISA. In case of divorce, the Plan specifically provided for the lump sum distribution of a participant's benefits to his or her spouse in accordance with a QDRO.

101. James Vial was a participant in the Plan during his career at Continental. When the Vials divorced, the County Court at Law of Walker County, Texas awarded James Vial's benefits to Brenda Vial in a valid QDRO. Continental approved the QDRO and paid benefits in accordance with the terms of the QDRO. Brenda Vial legally owns – and, under ERISA and applicable Plan terms, is entitled to possess – those funds.

102. In conducting an investigation into James Vial's marriage and family life, disciplining and terminating him, stripping him of his benefits, and refusing to reinstate him, Continental sought to discriminate and retaliate against James Vial for his wife's exercise of her pension rights under the Plan and ERISA.

103. Continental's unfounded accusations of a "sham" divorce were a pretext for discrimination and retaliation against James Vial for his wife's exercise of her ERISA rights.

104. In taking these actions, Continental acted willfully and with specific intent to interfere with a vested pension right.

C. **Wrongful interference and discrimination under ERISA**

105. Defendants incorporate the foregoing allegations as if fully set forth here.

106. Brenda Vial was the alternate payee for James Vial's pension account in the Continental Pilots' Retirement Plan. Under ERISA and the terms of the Plan, Brenda Vial was legally entitled to receive James Vial's pension benefits pursuant to a valid QDRO.

107. In disciplining and terminating James Vial, stripping him of his benefits, and refusing to reinstate him, Continental sought to discriminate against and interfere with Brenda Vial's exercise of her pension rights under the Plan and ERISA.

108. In conducting an investigation into James Vial's marriage and family life, Continental sought to discriminate against and interfere with Brenda Vial's exercise of her pension rights under the Plan and ERISA.

109. Continental's unfounded accusations of a "sham" divorce were a pretext for discrimination and interference with Brenda Vial's exercise of her pension rights under the Plan and ERISA.

110. In taking these actions, Continental acted willfully and with specific intent to interfere with a vested pension right.

**D.  Age Discrimination in Employment Act Violation**

111. Defendants incorporate the foregoing allegations as if fully set forth here.

112. At the time of his termination, James Vial was more than 40 years of age and was within the ADEA's protected class.[1]

113. James Vial was qualified for the positions he held for Continental, including the position he held at the time of his termination.

114. Age was a causal factor in the employment decisions made regarding James Vial. In the alternative, Continental's conduct has a disparate impact on its older pilots.

115. There was no legitimate nondiscriminatory reason for James Vial's termination.

116. As a result of Continental's actions, James Vial has suffered loss of wages, both in the past and in the future.

117. Continental's termination of James Vial violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

---

[1]  James Vial timely filed a charge of age discrimination and retaliation against Defendant Continental Airlines, Inc. under Charge Number 460-2008-05663 with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). The acts and omissions alleged in these counterclaims are part of an ongoing pattern of discrimination and plan of retaliation. On or after June 17, 2009, the EEOC issued a Notice of Right to Sue letter entitling James Vial to file an action in this Court of discrimination and retaliation. James Vial filed this counterclaim within 90 days of **receiving** the Notice of Right to Sue letter. James Vial has met all other conditions precedent to the filing of an age discrimination cause of action.

118. Continental's discrimination against James Vial and violation of ADEA was willful.

119. An award of liquidated damages is therefore appropriate.

**E.    Declaratory relief**

120. Defendants incorporate the foregoing allegations as if fully set forth here.

121. Continental paid Brenda Vial $623,706.28 in pension funds from the Continental Pilots Retirement Plan pursuant to a valid QDRO issued by the County Court at Law of Walker County, Texas. Continental improperly has demanded the return of all those funds, alleging that the QDRO was invalid.

122. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201, 2202, Brenda Vial requests that the Court declare that she is the rightful possessor of the pension funds that Continental distributed to her under the valid QRDO.

123. Brenda Vial also requests that the Court declare that Continental's demand for repayment of a portion of those funds constitutes an attempt tortuously to convert those funds.

**F.    Attorney's fees**

124. Defendants incorporate the foregoing allegations as if fully set forth here.

125. James and Brenda Vial are entitled to recover attorney's fees and costs for bringing this action pursuant to ADEA, 29 U.S.C. § 621 *et seq.* and ERISA, 29 U.S.C 1140 *et seq.*

## G. Damages

126. Defendants incorporate the foregoing allegations as if fully set forth here.

127. As a result of Continental's willful violations of the ADEA and ERISA, James and Brenda Vial seek the following relief: (1) back pay; (2) reinstatement, or if reinstatement is deemed not feasible, front pay; (3) loss of wages and benefits in the past and the future; (4) costs of court, expert fees and attorneys' fees; (5) mental anguish and emotional distress in the past and future; (6) punitive damages because Continental acted with reckless indifference to James Vial's federally protected rights and any other punitive, equitable or liquidated damage provided by law; (7) liquidated damages for willful violations of ERISA and ADEA; and (8) pre-judgment and post-judgment interest as allowed by each statute.

128. Brenda Vial also seeks a declaratory judgment declaring that she is the rightful possessor of the funds paid to her under the valid QDRO issued by the County Court at Law of Walker County, Texas.

129. Additionally, James and Brenda Vial also request the following relief:

   a. reasonable attorney fees;

   b. costs of court; and

   c. any and all other relief that the court deems appropriate.

## JURY DEMAND

130. Defendants request a trial by jury on issues triable by a jury in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant James Vial respectfully prays that upon final trial hereof, this Court grant: appropriate back pay, front pay, including, but not limited to, his salary and lost pension, insurance and other benefits past and future; compensatory and punitive damages as allowed by law; liquidated damages as allowed by law; mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and post-judgment interest as allowed by law; taxable court costs; nominal, actual and exemplary damages as allowed by federal law and any such additional and further relief that this Court may deem just and proper.

WHEREFORE, Defendant Brenda Vial respectfully prays that upon final trial hereof, this Court grant her a declaration that she is the rightful possessor of the entirety of the funds paid to her under the valid Qualified Domestic Relations Order issued by the 6th Judicial Circuit Court of Pinellas County, Florida; compensatory and punitive damages as allowed by law; liquidated damages as allowed by law; mental anguish damages; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; prejudgment and

post-judgment interest as allowed by law; taxable court costs; nominal, actual and exemplary damages as allowed by federal law and any such additional and further relief that this Court may deem just and proper.

Respectfully Submitted,

*Craig K. Ribbeck*

Craig K. Ribbeck
State Bar No. 24009051
Federal I.D. No. 26470
The Ribbeck Law Firm, PLLC
6363 Woodway, Suite 565
Houston, Texas 77057
Telephone: (713) 621-5220
Telecopier: (713) 572-1507

**OF COUNSEL:**

W. Michael Taylor
State Bar No. 00789745
Federal I.D. No. 18250
The Law Office of W. Michael Taylor
28418 Jonsport Lane
Spring, Texas 77386
Telephone: (713) 582-2997
Telecopier: (832) 550-2860

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, 2009, I sent by facsimile transmission, by first class mail, postage prepaid or through the efile system, a true and correct copy of the above and foregoing document to counsel as follows:

W. Carl Jordan
Vinson & Elkins, LLP
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002

Patrick M. Flynn
Patrick M. Flynn, P.C.
1225 North Loop West, Suite 1000
Houston, Texas 77008

Joseph Y. Ahmad
Ahmad, Zavitsanos & Anaipakos, P.C.
1221 McKinney Street, Suite 3460
Houston, Texas 77010

Howard Dulmage
The Law Offices of Howard T. Dulmage, PLLC
2323 Clear Lake City Blvd, Suite 180
MB186
Houston, Texas 77062

Craig K. Ribbeck       By wms

# THE RIBBECK LAW FIRM, PLLC

Attorneys at Law
6363 Woodway, Suite 565
Houston, Texas 77057
(713) 621-5220 Facsimile (713) 572-1507

CRAIG K. RIBBECK

September 15, 2009

Mr. Nathan Ochsner                            *Via Hand Delivery*
United States Deputy District Clerk
515 Rusk
Houston, Texas 77002

    Re:    Cause No. 4:09-cv-01529, *The Continental Pilots Retirement Plan Administrative Committee and Continental Airlines, Inc. v. Glenn Brown et al.;* In the United States District Court for the Southern District of Texas, Houston Division.

Dear Mr. Ochsner:

Enclosed please find the following documents for filing in the above-referenced matter.

    1.    Original Answer and Counterclaim of James and Brenda Vial.

Please file stamp the extra copies. Thank you for your attention to this matter.

                                  Very truly yours,

                                  Craig K. Ribbeck

CKR/mt

Enclosures

cc:    W. Carl Jordan                     *Via Facsimile 713-758-2258*
        Tara Porterfield                    *Via Facsimile 512-236-3267*
        Patrick Flynn                     *Via Facsimile 713-222-9114*
        Joe Ahmad                        *Via Facsimile 713-526-3750*
        Howard Dulmage              *Via Facsimile 832-295-5797*