**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GLENN BROWN AND BETSY BROWN<br>*Plaintiffs,* | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION H-09-1148 |
| CONTINENTAL AIRLINES, INC.<br>*Defendants.* | §<br>§<br>§<br>§ | |
| THE CONTINENTAL PILOTS RETIREMENT PLAN ADMINISTRATIVE COMMITTEE, *et al,*<br>*Plaintiffs,* | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION H-09-1529<br>**(Consolidated into Civil Action H-09-1148)** |
| GLENN BROWN, *et al.,*<br>*Defendants.* | §<br>§ | |

**ANSWER OF THE CONTINENTAL PILOTS RETIREMENT PLAN
ADMINISTRATIVE COMMITTEE AND CONTINENTAL AIRLINES, INC.
TO COUNTERCLAIMS OF DEFENDANTS
JAMES VIAL AND BRENDA D. VIAL**

Plaintiffs and Counter-Defendants, The Continental Pilots Retirement Plan Administrative Committee ("Administrative Committee") and Continental Airlines, Inc. ("Continental"), on behalf of The Continental Pilots Retirement Plan and on its own behalf, file this Answer, together with their defenses, to the Counterclaims of Defendants James Vial and Brenda D. Vial (the "Vials" or "Counter-Plaintiffs").

1. Counter-Defendants acknowledge that the Vials allege violations of certain rights and entitlement to certain remedies, but deny that any rights of either James Vial or Brenda D. Vial have been violated and deny that either is entitled to any remedy or relief as alleged in paragraph 85 of Counter-Plaintiffs' pleading.

2. Continental and the Administrative Committee deny all allegations in paragraph 86 of the Counterclaims.

3. Continental and the Administrative Committee admit that James Vial worked for Continental as for approximately twenty-four years, his employment terminated in May 2008, and he piloted many flights during his career. Counter-Defendants deny all other allegations in paragraph 87 of the Counterclaims.

4. Continental and the Administrative Committee are without sufficient knowledge to admit or deny the allegations in paragraph 88 of the Counterclaims, including those concerning the relationship between the Vials, and so deny each of those allegations. Continental and the Administrative Committee, nevertheless, specifically deny that such allegations were the motivating reason for the Vials' decision to obtain a divorce decree.

5. Continental and the Administrative Committee admit that the Vials colluded in 2007 to obtain a divorce decree and a domestic relations order ("DRO") from a Texas court under false pretenses for the purpose of transferring James Vial's benefit under the Continental Pilots Retirement Plan ("CPRP" or "Plan") (also referred to in the Counterclaims as the "A Fund") to Brenda D. Vial, but deny that such DRO was "qualified" under ERISA or the Plan. Counter-Defendants also admit that James Vial purported to relinquish 100 percent of his accrued benefit in the CPRP to Brenda D. Vial in their divorce proceeding. Continental and the Administrative Committee are without sufficient knowledge to admit or deny the remaining allegations in paragraph 89 of the Counterclaims and so deny each of those allegations.

6. Continental and the Administrative Committee admit that the Vials submitted the DRO to the third party administrator for the Plan, Hewitt Associates, LLC ("Hewitt"), that Hewitt processed said DRO, and that 100 percent of James Vial's benefit in the Plan was

distributed subsequently to Brenda D. Vial pursuant to said DRO. Continental and the Administrative Committee deny all other allegations in paragraph 90 of the Counterclaims.

7. Continental and the Administrative Committee deny that Brenda D. Vial did not receive spousal insurance or benefits coverage through James Vial at any time while they remained divorced. Continental and the Administrative Committee are without sufficient knowledge to admit or deny the other allegations contained in paragraph 91 of the Counterclaims, including those concerning the relationship between the Vials, and so deny each of those allegations. Continental and the Administrative Committee, nevertheless, specifically deny that the Vials' remarriage was for the reasons alleged in paragraph 91 of the Counterclaims.

8. Continental and the Administrative Committee admit that an investigation was initiated of the circumstances relating to the distribution of James Vial's benefit from the CPRP based on reports that the Vials and other pilots and their spouses had secured divorces for the purpose of accessing their CPRP benefits without intending to terminate their marital relationships. Continental and the Administrative Committee deny all other allegations in paragraph 92 of the Counterclaims.

9. Continental and the Administrative Committee admit that James Vial was requested to submit documents supporting certain representations he made during the aforementioned investigation and certain documents that were otherwise relevant to the investigation. Continental and the Administrative Committee deny all other allegations in paragraph 93 of the Counterclaims.

10. Continental and the Administrative Committee admit that James Vial was advised, as a result of his repeated and continuing refusal to provide documentation relevant and necessary to the aforementioned investigation, that his employment would be terminated if he

continued such refusal to cooperate. Continental and the Administrative Committee deny all other allegations in paragraph 94 of the Counterclaims.

11. Continental and the Administrative Committee admit that James Vial was notified by letter in May 2008 that his employment was being terminated effective immediately based on misrepresentations and omissions, including his failure to cooperate in the aforementioned investigation, with respect to his participation in a sham transaction for the purpose of obtaining a benefit to which he was not entitled under the terms of the CPRP. Continental and the Administrative Committee deny all other allegations in paragraph 95 of the Counterclaims.

12. Continental and the Administrative Committee admit that the CPRP provides for distribution of the designated percentage of a Plan participant's benefit to a person identified in a DRO as an "Alternate Payee" provided the fiduciary determines that the DRO meets certain requirements of ERISA, including that the DRO is "qualified." Continental and the Administrative Committee specifically deny that the DRO submitted by the Vials was "qualified" and further deny all other allegations in paragraph 96 of the Counterclaims.

13. Continental and the Administrative Committee admit that they have filed suit against the Defendants/Counter-Plaintiffs in this action and that they had no obligation to intervene in any state court proceedings and have not done so. Continental and the Administrative Committee deny all other allegations in paragraph 97 of the Counterclaims.

14. Continental and the Administrative Committee admit that, at the time of the termination of his employment, James Vial was approximately 53 years of age and was among Continental's longer service pilots. They also admit that those other pilots, who were determined after investigation to have participated in similar sham transactions for the purpose of

circumventing the terms of the CPRP, were over 40 years of age. Continental and the Administrative Committee deny all other allegations in paragraph 98 of the Counterclaims.

15. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 99 of the Counterclaims.

16. Continental and the Administrative Committee admit that the CPRP is an ERISA-qualified benefits plan and is subject to the provisions of ERISA. Counter-Defendants also admit that the CPRP provides for distribution of a participant's accrued benefit to an Alternate Payee in accordance with a "qualified" DRO. Counter-Defendants deny that the DRO submitted to the CPRP by the Vials was qualified under ERISA or Plan terms and further deny all other allegations in paragraph 100 of the Counterclaims.

17. Continental and the Administrative Committee admit that James Vial was a participant in the CPRP during his employment, that the Vials colluded under false pretenses to obtain a DRO from a Texas court assigning 100 percent of James Vial's accrued benefit in the CPRP to Brenda D. Vial, and that the Plan's administrative services provider disbursed said benefit to Brenda D. Vial. Continental and the Administrative Committee deny that said DRO was "qualified" under ERISA and the terms of the Plan and further deny all other allegations in paragraph 101 of the Counterclaims.

18. Continental and the Administrative Committee deny all allegations in paragraph 102 of the Counterclaims.

19. Continental and the Administrative Committee deny all allegations in paragraph 103 of the Counterclaims.

20. Continental and the Administrative Committee deny all allegations in paragraph 104 of the Counterclaims.

21. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 105 of the Counterclaims.

22. Continental and the Administrative Committee admit that James Vial and Brenda D. Vial colluded to name Brenda D. Vial as an Alternate Payee under the CPRP, but deny all other allegations in paragraph 106 of the Counterclaims.

23. Continental and the Administrative Committee deny all allegations contained in paragraph 107 of the Counterclaims.

24. Continental and the Administrative Committee deny all allegations contained in paragraph 108 of the Counterclaims.

25. Continental and the Administrative Committee deny all allegations contained in paragraph 109 of the Counterclaims.

26. Continental and the Administrative Committee deny all allegations contained in paragraph 110 of the Counterclaims.

27. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 111 of the Counterclaims.

28. Continental and the Administrative Committee admit that James Vial was more than 40 years of age and thus within the ADEA's protected age group at the time his employment was terminated and that he filed a charge alleging age discrimination with the Equal Employment Opportunity Commission subsequent to the termination of his employment. Counter-Defendants deny all other allegations in paragraph 112 and Footnote 1 of the Counterclaims.

29. Continental and the Administrative Committee admit the allegation in paragraph 113 of the Counterclaims.

30. Continental and the Administrative Committee deny all allegations in paragraph 114 of the Counterclaims.

31. Continental and the Administrative Committee deny all allegations in paragraph 115 of the Counterclaims.

32. Continental and the Administrative Committee deny all allegations in paragraph 116 of the Counterclaims.

33. Continental and the Administrative Committee deny all allegations in paragraph 117 of the Counterclaims.

34. Continental and the Administrative Committee deny all allegations in paragraph 118 of the Counterclaims.

35. Continental and the Administrative Committee deny all allegations in paragraph 119 of the Counterclaims.

36. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 120 of the Counterclaims.

37. Continental and the Administrative Committee admit that the CPRP distributed 100 percent of James Vial's accrued benefit in the CPRP to Brenda D. Vial. Counter-Defendants further admit that the DRO pursuant to which the aforementioned distribution was made was not "qualified" under ERISA and terms of the CPRP, but deny all other allegations in paragraph 121 of the Counterclaims.

38. Continental and the Administrative Committee acknowledge that Brenda D. Vial is seeking certain declaratory relief, but deny that she is entitled to any such relief, that she is the "rightful possessor" of the funds the return of which Continental seeks in this lawsuit, and that the DRO pursuant to which she received such funds was qualified under ERISA and the terms of

7

the CPRP. Counter-Defendants deny any remaining allegations in paragraph 122 of the Counterclaims.

39. Continental and the Administrative Committee acknowledge that Brenda D. Vial seeks certain declaratory relief pursuant to paragraph 123 of the Counterclaims, but deny that she is entitled to any such relief or that they have acted wrongfully toward her in any respect.

40. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 124 of the Counterclaims.

41. Continental and the Administrative Committee deny all allegations in paragraph 125 of the Counterclaims.

42. Each response contained in the foregoing paragraphs is reasserted as if fully set forth in response to paragraph 126 of the Counterclaims.

43. Continental and the Administrative Committee deny that Defendants/Counter-Plaintiffs are entitled to the relief requested in paragraph 127 of, or to any relief under, the Counterclaims.

44. Continental and the Administrative Committee deny that Brenda D. Vial is entitled to the relief requested in paragraph 128 of, or to any relief under, the Counterclaims.

45. Continental and the Administrative Committee deny that Defendants/Counter-Plaintiffs are entitled to the relief requested in paragraph 129 of, or to any relief under, the Counterclaims.

46. Continental and the Administrative Committee deny that Defendants/Counter-Plaintiffs are entitled to a jury trial of their Counterclaims.

47. Continental and the Administrative Committee deny that Defendants/Counter-Plaintiffs are entitled to any relief whatsoever, including that enumerated in the Prayer of the Counterclaims.

48. Pursuant to Rule 8(b) of the FRCP, Continental and the Administrative Committee generally deny all allegations in the Counterclaims that are not clearly and specifically admitted in this Answer.

**DEFENSES**

49. Counterclaims, in whole or in part, fail to state a claim upon which relief may be granted.

50. James Vial's claim of discriminatory discharge is barred, in whole or in part, by the equitable doctrines of estoppel and unclean hands in light of Continental's investigation of Vial's sham transaction and unlawful pension distribution

51. All employment actions involving James Vial were based on good business judgment and reasonable factors other than his age.

52. Defendants/Counter-Plaintiffs' claims are barred because they all arise from and are based upon conduct by Defendants/Counter-Plaintiffs which was fraudulent in nature. Specifically, Defendants/Counter-Plaintiffs colluded to obtain a divorce decree and related domestic relations order, when they had no intent to dissolve the marital relationship, for the purpose of obtaining distribution of James Vial's benefit under the Continental Pilots Retirement Plan while he continued employment, which Defendant/Counter-Plaintiffs knew to be in violation of the terms of the Plan.

53. Defendants/Counter-Plaintiffs' damages, if any, were caused by their own culpable conduct, which violated the requirements of the Continental Pilots Retirement Plan and Counter-Plaintiff Continental's policies, procedures, and rules.

54. On information and belief, James Vial failed to mitigate damages, if any.

55. Plaintiffs/Counter-Defendants' conduct is privileged under the Texas doctrine of employment-at-will.

56. Defendants/Counter-Plaintiffs are not entitled to liquidated damages as Continental did not engage in a willful violation of 29 U.S.C. § 626(b).

57. Defendants/Counter-Plaintiffs' claims for compensatory and/or punitive damages are unconstitutional.

58. Any approval of Defendants/Counter-Plaintiffs' domestic relations order by Hewitt Associates was vitiated and negated by a recant letter sent to James Vial and/or Brenda D. Vial by the Continental Pilots Retirement Plan.

59. To the extent that the Counterclaims plead, or attempts to plead, any cause of action under state law, such cause of action is preempted by ERISA.

WHEREFORE, PREMISE CONSIDERED, Plaintiffs/Counter-Defendants Continental and the Administrative Committee respectfully request that judgment be entered in their favor on Defendants/Counter-Plaintiffs' Counterclaims, that they be awarded reasonable costs and attorneys' fees in having to defend said Counterclaims, and that they receive such other and further relief to which they may be justly entitled.

Respectfully submitted,

 /s/ W. Carl Jordan
W. CARL JORDAN
State Bar No. 11018800
Federal ID 729
First City Tower, Suite 2500
1001 Fannin
Houston, Texas 77002-6760
(713) 758-2258 (Telephone)
(713) 615-5334 (Facsimile)
*cjordan@velaw.com*

ATTORNEYS FOR PLAINTIFFS

**OF COUNSEL**:
**VINSON & ELKINS L.L.P.**

Tara Porterfield
State Bar No. 00797257
Federal ID 21612
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
(512) 542-8879 (Telephone)
(512) 236-3267 (Facsimile)
*tporterfield@velaw.com*

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, a true and correct copy of the foregoing document was served by the notice of electronic filing generated by the Court's electronic filing system and/or by first-class mail, return receipt requested, on all Counsel, addressed as follows:

Joe Ahmad
AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
3460 One Houston Center
1221 McKinney Street
Houston, TX 77010
*Attorney for Defendants Glenn Brown and Betsy D. Brown, James Ernst and Cindy Ernst, Eddie Lindsey and Delores N. Lindsey, James Lockert and Christine Lockert, and Douglas Schull and Marjorie Schull*

Howard Dulmage
THE LAW OFFICES OF HOWARD T. DULMAGE, PLLC
2323 Clear Lake City Blvd, Ste. 180 MB186
Houston, TX 77062
*Attorney for Defendants Glenn Brown and Betsy D. Brown, James Ernst and Cindy Ernst, Eddie Lindsey and Delores N. Lindsey, James Lockert and Christine Lockert, and Douglas Schull and Marjorie Schull*

Andrew Golub
DOW GOLUB REMELS & BEVERLY, LLP
8 Greenway Plaza, 14th Floor
Houston, TX 77027
*Attorney for Defendant Jay Ellis and Carol Ellis*

Craig K. Ribbeck
THE RIBBECK LAW FIRM, PLLC
6363 Woodway, Suite 565
Houston, Texas 77057
*Attorney for Defendants James Vial and Brenda M. Vial*

                                        /s/ W. Carl Jordan
                                       **ATTORNEY FOR PLAINTIFF**